UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CR-20009-BLOOM

UNITED STATES OF AMERICA )
)
)
)
v. )
)
)
)
LEMON CLARENCE BENTON, )
)
Defendant. )
)

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.  1.  Copies of recordings of statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent has been provided to counsel for the defendant.

2.  That portion, if any, of the written record containing the substance of any oral statements, if any, made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent has been provided to counsel for the defendant.

3.  No defendant testified before the Grand Jury.

4.  The defendant's prior criminal record is attached.

5.  Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or

which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, 6th Floor. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

6.   Reports of fingerprint analysis and chemical analysis have been provided to counsel for the defendant.  Firearm related reports will be provided to counsel for the defendant upon receipt by this office.

B.   DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.   The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.   The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.   No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G.   The government has advised its agents and officers involved in this case to preserve all rough notes.

H.   The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b).  Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      The controlled substances related to this case have been impounded and a sufficient representative sample can be made available upon request to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. §§ 822 and 823, and 21 C.F.R. § 101.22(8), to allow independent chemical analysis of such sample.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

O.      The government is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o). While the government and defense counsel have already discussed a timetable and procedures for pretrial discovery, should defense counsel wish to discuss these matters further or in person, please contact the undersigned with dates that defense counsel is available.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to the Standing Discovery Order, Local Rule 88.10(b), and Rule 16(b) of the Federal Rules of Criminal Procedure,

in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Time: Approximately 6:00 p.m.
> Date: November 14, 2019
> Place: Broadway Park, 6920 NW 18th Avenue, Miami, FL

The attachments to this response, Bates numbered 1-57, are being provided via electronic mail. A CD Bates numbered 58 has been sent via AFPD dropbox. Please contact the undersigned Assistant United States Attorney if any of these items are missing.

> Respectfully submitted,
>
> ARIANA FAJARDO ORSHAN
> UNITED STATES ATTORNEY
>
> By:   /s/ Kevin Gerarde
>       KEVIN GERARDE
>       Special Assistant United States Attorney
>       Florida Bar No. 113844
>       99 Northeast 4th Street
>       Miami, Florida 33132-2111
>       Tel: (305) 961-9086
>       Email: Kevin.Gerarde@usdoj.gov

cc:    FBI Special Agent Eli McTaw

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

/s/ Kevin Gerarde
KEVIN GERARDE
Special Assistant United States Attorney

## SERVICE LIST
United States v. Lemon Clarence Benton
Case No. 20-CR-20009
United States District Court
Southern District of Florida

| Party | Counsel |
|---|---|
| Plaintiff:<br>United States | Kevin Gerarde<br>Special Assistant United States Attorney<br>99 N.E. 4th Street<br>Miami, Florida 33132<br>Email: Kevin.Gerarde@usdoj.gov<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant:<br>LEMON CLARENCE<br>BENTON | Kate Taylor<br>Federal Public Defender's Office<br>150 W Flagler Street<br>Miami, FL 33130-1556<br>Email: kate_taylor@fd.org<br>**via Notice of Electronic Filing generated by CM/ECF** |